Dear Mr. Erdey:
This office is in receipt of your recent opinion request, wherein you make inquiry concerning the following:
 Considering the present Louisiana law, is it permissible for a fire protection district to offer and provide emergency medical/first response services, in addition to providing fire protection?
 LSA-R.S. 40:1500 provides with respect to the powers of the District, in pertinent part, as follows:
 A. Fire protection districts shall constitute public corporations and as such shall have all powers of public corporations, including perpetual existence and the right and power to incur debt and contract obligations, to sue and be sued and to have a corporate seal. Such districts shall also be authorized to do and perform all acts in their corporate capacity and in their corporate names necessary and proper for the purposes of acquiring, maintaining, and operating buildings, machinery, equipment, water tanks, water hydrants, water lines, and such other things, including both movable and immovable property, as might be necessary or proper for effective fire prevention and control or considered necessary by the governing body of the district for the protection of the property within the limits of the district against fire. However, districts may not own and operate systems of waterworks.
 B. Districts may utilize their equipment to transport any injured or ill person to a hospital or other place of medical care in an emergency situation where there is no reasonable expectation of the prompt response of an ambulance or industrial ambulance. (Emphasis added).
Note that LSA-R.S. 40:1500(B) authorizes fire protection districts to utilize their equipment to transport any injured or ill person to a hospital or other place of medical care in an emergency situation where there is no reasonable expectation of a prompt response by an ambulance. Other statutes specifically authorize certain fire protection districts to provide emergency medical services and transportation. SeeLSA-R.S. 40:1500.1. We find no specific authority for your District. This could, of course, be remedied by legislative amendment.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: March 5, 1996
Date Released: March 21, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL